■ JENNIFER A. VOLLMER et al., Respondents, v TOWN OF WAWAYANDA et al., Appellants. [669 NYS2d 226] —In an action to recover damages for personal injuries, etc., the defendant Town of Wawayanda appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated December 30, 1996, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Kompan/Big Toys Northeast, Inc., f/k/a Jeff Olson, Inc., separately appeals from so much of the same

order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified by deleting the provision thereof which denied the motion of the Town of Wawayanda and substituting therefor a provision granting that motion, the complaint is dismissed insofar as asserted against the Town of Wawayanda, and the action against the remaining defendant is severed; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This action arose from an incident which occurred as the plaintiff Jennifer Vollmer was supervising her then almost three-year-old child as she traversed a "clatter bridge" at a playground located in a park in the Town of Wawayanda. The playground apparatus was designed and manufactured by the defendant Kompan/Big Toys Northeast, Inc., f/k/a Jeff Olson, Inc. (hereinafter Big Toys). A horizontal metal beam supporting a tire swing protruded at a right angle from the bridge structure. As the child walked across the bridge, the plaintiff ran to prevent her from being injured by what she believed to be a dangerous condition, and in doing so, she hit her head on the beam.

The Supreme Court correctly denied Big Toys' motion for summary judgment. The plaintiffs produced evidentiary proof in admissible form to establish the existence of material issues of fact regarding whether the supports for the horizontal beam were either improperly designed and/or installed (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *see also, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102; *Vinogrado v Clicquot Club Co.,* 55 AD2d 489). However, the Town was entitled to summary judgment since there is no evidence that it had either actual or constructive notice of any dangerous condition inherent in this particular piece of playground equipment (*see, Harris v Village of E. Hills,* 41 NY2d 446; *Ferris v County of Suffolk,* 174 AD2d 70). Mangano, P. J., Bracken, Copertino and Santucci, JJ., concur.