■ Boris Mitsel et al., Respondents, v New York City Board of Education, Appellant. [717 NYS2d 341] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), entered September

17, 1999, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

On September 13, 1994, the infant plaintiff (hereinafter the plaintiff) was a 6th grade student at P.S. 104 in Brooklyn. On that date the plaintiff and his classmates were lined up and waiting at the bottom of a stairwell in the school building. The wall of the stairwell contained glass window panels in which wire mesh was embedded. As he was waiting to move up the staircase, the plaintiff alleges that some unidentified students walking ahead of him struck one of the window panes causing it to shatter, whereupon a piece of glass hit him in the face. At her deposition the plaintiff's teacher testified that just before the accident occurred she heard "banging" and yelled up the stairs "to the teacher in front, that [a] child was banging or [stop] the banging." The Supreme Court denied the defendant's motion for summary judgment on the ground that there was a question of fact with respect to the issue of adequate supervision. We reverse.

Schools are under a duty to adequately supervise the students in their charge, and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see, Mirand v City of New York,* 84 NY2d 44; *Convey v City of Rye School Dist.,* 271 AD2d 154). However, schools are not insurers of safety and they cannot be reasonably expected to continuously supervise and control all movements and activities of their students (*see, Mirand v City of New York, supra*). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused [the] injury" (*Mirand v City of New York, supra,* at 49).

Here, the spontaneous act of students banging on a window with such force that it shattered will not give rise to a finding of negligence predicated upon an alleged lack of supervision (*see, Mirand v City of New York, supra*). The teacher's testimony that "every so often * * * [a student] would bang [on those windows]" does not establish "sufficiently specific knowledge or notice" on the part of the defendant that this conduct would result in the splintering of a wire-enmeshed window (*Mirand v City of New York, supra,* at 49). Moreover, "school personnel cannot reasonably be expected to guard

against all of the sudden, spontaneous acts that take place among students" (*Convey v City of Rye School Dist., supra*, at 159). In any event, the plaintiff himself stated that whenever this conduct occurred, "the teachers always told [the students] to stop" (*cf., Maucher v South Huntington Union Free School Dist.*, 266 AD2d 359).

Accordingly, under the circumstances of this case, the defendant was entitled to judgment as a matter of law (*see, Mirand v City of New York, supra*). O'Brien, J. P., Ritter, Santucci and Schmidt, JJ., concur.