■ GREGORY SINTO et al., Appellants, v CITY OF LONG BEACH, Defendant, and LONG BEACH CITY SCHOOL DISTRICT, Respondent. [736 NYS2d 700] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an amended order of the Supreme Court, Nassau County (O'Connell, J.), dated November 16, 2000, which granted the motion of the defendant Long Beach City School District for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the amended order is affirmed, with costs.

The plaintiffs commenced this action against the City of Long Beach and Long Beach City School District (hereinafter the School District) for injuries allegedly sustained by the plaintiff Gregory Sinto when a defective swing collapsed in the East School playground in Long Beach. The School District moved for summary judgment, and the Supreme Court granted the motion, finding that the School District did not have notice of the allegedly defective swing. We affirm.

The School District made a prima facie showing of its entitlement to judgment as a matter of law. At his deposition, the head custodian at the East School testified that he conducted daily inspections of the playground and was not aware of any accidents on, or defects in, the swings. Contrary to the plaintiffs' contention, they failed to raise a triable issue of fact as to whether the School District had constructive notice of the alleged dangerous condition. Therefore, the Supreme Court properly granted the motion of the School District for summary judgment.

Contrary to the plaintiffs' contention, the doctrine of res ipsa loquitur is inapplicable to this case. The School District did not have exclusive control of the accident-causing instrumentality because the public possessed unfettered access to all the swings at the playground (*see, Thompson v Pizza Hut of Am.,* 262

AD2d 302; *Raimondi v New York Racing Assn.,* 213 AD2d 708). Krausman, J.P., Luciano, Adams and Townes, JJ., concur.