■ RYAN SMITH, Appellant, et al., Plaintiffs, v EAST RAMAPO CENTRAL SCHOOL DISTRICT, Respondent. [741 NYS2d 251] —In an action to recover damages for personal injuries, etc., the plaintiff Ryan Smith appeals from an order of the Supreme Court, Rockland County (O'Rourke, J.), dated January 30, 2001, which granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted by him.

Ordered that the order is affirmed, with costs.

The appellant, Ryan Smith, sought to recover damages against the defendant, East Ramapo Central School District, for injuries sustained when he was assaulted in the school parking lot by fellow students following a school-sponsored basketball clinic held in the evening. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the appellant, upon determining that the assault was unforeseeable. We affirm.

Although schools are not insurers of safety, they are under a duty to adequately supervise students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York,* 84 NY2d 44, 49; *O'Neal v Archdioceses of N.Y.,* 286 AD2d 757; *Mitsel v New York City Bd. of Educ.,* 278 AD2d 291,

292). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York, supra* at 49). Here, the defendant met its burden of establishing entitlement to summary judgment by demonstrating that it could not have reasonably foreseen the spontaneous attack on the appellant (*see Ascher v Scarsdale School Dist.,* 267 AD2d 339). In opposition, the mere fact that the defendant had prior notice of two assaults following other after school events involving unidentified students was insufficient to raise an issue of fact as to whether the defendant should have foreseen that these particular students would assault the appellant. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment. Altman, J.P., Florio, H. Miller and Cozier, JJ., concur.