■ SANDI GOETZ, Respondent, v TOWN OF SMITHTOWN, Appellant, et al., Defendant. [755 NYS2d 669] —In an action to recover damages for personal injuries, the defendant Town of Smithtown appeals from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated March 13, 2002, as denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for leave to amend the complaint.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion is granted, the complaint is dismissed in its entirety, and the cross motion is denied as academic.

The appellant made a prima facie showing of its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]), as it presented evidence demonstrating that it did not create a dangerous condition with regard to the swing from which the plaintiff fell, and that it did not have actual or constructive notice of such a condition (*see Sinto v City of Long Beach,* 290 AD2d 550 [2002]; *Vollmer v Town of Wawayanda,* 247 AD2d 610, 611 [1998]). In response, the plaintiff failed to meet her burden of raising a triable issue of fact as to the appellant's negligence (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Sinto v City of Long Beach, supra*). In this regard, we note that contrary to her contention, the doctrine of res ipsa loquitur is inapplicable to this case (*see Sinto v City of Long Beach, supra*). Thus, the Supreme Court should have granted the appellant's motion for summary judgment.

In light of the foregoing, we do not reach the appellant's remaining contentions. Feuerstein, J.P., Smith, H. Miller and Cozier, JJ., concur.