■ IN-HO YU, Appellant, v KOREAN CENTRAL PRESBYTERIAN CHURCH OF QUEENS, Respondent. [756 NYS2d 89] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated June 26, 2002, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The infant plaintiff sustained injuries while attending a summer school barbecue held by the defendant Korean Central Presbyterian Church of Queens. An attendee, David Park, had taken a plastic microphone stand from a Church volunteer and while carrying it toward the Church offices unexpectedly began swinging it front to back. As a result a piece of the microphone stand detached and flew in the air 20 feet behind him, striking the infant plaintiff in the face. The infant's mother commenced the instant action on his behalf, alleging, inter alia, that the Church negligently supervised the children during the barbecue. The Supreme Court, inter alia, granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

"Although schools are not insurers of safety, they are under a duty to adequately supervise students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Smith v East Ramapo Cent. School Dist.,* 293 AD2d 521 [2002]; *see Mirand v City of New York,* 84 NY2d 44, 49 [1994]; *Mitsel v New York City Bd. of Educ.,* 278 AD2d 291, 292 [2000]). To determine whether such duty has been breached, it must be shown that the school "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York, supra* at 49). Here, the defendant met its

burden of establishing entitlement to summary judgment by demonstrating that it could not reasonably have foreseen the third party's spontaneous and unexpected acts (*see O'Neal v Archdioceses of N.Y.,* 286 AD2d 757 [2001]; *Janukajtis v Fallon,* 284 AD2d 428, 429 [2001]; *Mitsel v New York City Bd. of Educ., supra*). In response, the plaintiff failed to put forward sufficient evidence to raise a triable issue of fact. Under the circumstances, the Supreme Court properly granted summary judgment to the defendant and denied the plaintiff's cross motion. Krausman, J.P., Schmidt, Crane and Rivera, JJ., concur.