■ ANDREW CRANSTON et al., Appellants, v NYACK PUBLIC SCHOOLS, Respondent. [756 NYS2d 610] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Bergerman, J.), dated April 3, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff was placed by the defendant in a special education class for children with behavioral problems. On February 11, 1999, he and two other students were being instructed and supervised by at least one teacher and one teaching assistant. At some point in time, two of the students, "Drew" and "Michelle," were interacting. According to the infant plaintiff's deposition testimony, he went over to "Drew" and asked him to stop bothering "Michelle." "Drew" responded by suddenly and without warning kicking the infant plaintiff in the chest, hitting and breaking the infant plaintiff's "medi port" and injuring him. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

The defendant made out a prima facie case demonstrating its entitlement to summary judgment. It showed that the level of supervision it provided for the students was at least that which a prudent parent would have provided and was in accordance with the applicable state and federal regulations (*see Mirand v City of New York,* 84 NY2d 44 [1994]). It also showed that the incident happened so suddenly that no amount of supervision could have prevented it (*see Ancewicz v Western Suffolk BOCES,* 282 AD2d 632 [2001]; *Marshall v Cortland Enlarged City School Dist.,* 265 AD2d 782 [1999]). Finally, we

agree with the defendant that the affidavit of the plaintiffs' expert was speculative and conclusory, and thus could not be relied upon (*see Speirs v Dick's Clothing & Sporting Goods,* 268 AD2d 581 [2000]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Altman, J.P., Florio, H. Miller and Adams, JJ., concur.