■ Samantha Weinblatt et al., Appellants, v Eastchester Union Free School District, Respondent. [756 NYS2d 766] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), dated May 20, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff, who was in second grade at the time of her accident, sustained injuries when she fell from a piece of playground equipment. The plaintiffs commenced this action

claiming, inter alia, that the defendant's negligent supervision was a proximate cause of the infant plaintiff's injuries. The defendant moved for summary judgment, claiming that it could not be held liable because it provided adequate supervision, and that the infant plaintiff's own conduct was the cause of her injury. The Supreme Court granted the motion. We affirm.

The defendant made a prima facie showing of entitlement to judgment as a matter of law by establishing that it provided adequate supervision (*see Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.,* 289 AD2d 211 [2001]), and that the level of supervision was not a proximate cause of the infant plaintiff's accident (*see Davidson v Sachem Cent. School Dist.,* 300 AD2d 276 [2002]; *Lopez v Freeport Union Free School Dist.,* 288 AD2d 355, 356 [2001]; *Ascher v Scarsdale School Dist.,* 267 AD2d 339 [1999]; *Matter of Banks v City School Dist. of Albany,* 257 AD2d 723, 724 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact as to the adequacy of the supervision and whether inadequate supervision was a proximate cause of the infant plaintiff's injuries (*see Davidson v Sachem Cent. School Dist., supra; Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist., supra; Lopez v Freeport Union Free School Dist., supra*). Thus, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Krausman, J.P., Townes, Crane and Mastro, JJ., concur.