■ ROBERT MERICE, Respondent, v COUNTY OF WESTCHESTER, Respondent, and GRAHAM-WINDHAM SERVICES, INC., Appellant. [757 NYS2d 903] —In an action to recover damages for personal injuries, the defendant Graham-Windham Services, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 31, 2002, as denied its motion for summary judgment

dismissing the complaint and all cross claims insofar as asserted against it, and granted the plaintiff's cross motion for leave to amend the amended complaint and bills of particulars.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the appellant's motion for summary judgment since the appellant failed to demonstrate that it was entitled to the qualified immunity protection afforded by Social Services Law § 149. The plaintiff allegedly was injured while in a foster care facility under the authority and supervision of the appellant. It is well settled that a claim of qualified immunity cannot be raised to bar inquiry into an agency's or county's alleged negligent supervision of children in foster care (*see Barnes v County of Nassau,* 108 AD2d 50 [1985]; *Bartels v County of Westchester,* 76 AD2d 517 [1980]; *see also Mosher-Simons v County of Allegany,* 99 NY2d 214 [2002]). Further, in order to find that a school or facility breached its duty to provide adequate supervision in the context of injuries caused by the acts of fellow students, a plaintiff must establish that the school or facility "had sufficient * * * specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York,* 84 NY2d 44, 49 [1994]; *see Smith v East Ramapo Cent. School Dist.,* 293 AD2d 521 [2002]). Contrary to the contention raised by the appellant, the plaintiff demonstrated the existence of issues of fact regarding whether the appellant breached the standard of care owed to him by failing to provide adequate supervision, and whether the appellant's employees responded appropriately as the events unfolded (*see Mirand v City of New York, supra*; *O'Neal v Archdioceses of N.Y.,* 286 AD2d 757 [2001]; *Nelson v Sachem Cent. School Dist.,* 245 AD2d 434 [1997]). Accordingly, the Supreme Court properly denied the appellant's motion for summary judgment.

The appellant's remaining contentions are without merit. Feuerstein, J.P., Smith, McGinity and Cozier, JJ., concur.