■ GAL D. REUVENI et al., Appellants, v BECEC, INC., Respondent. [771 NYS2d 912]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Dabiri, J.), dated May 14, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant demonstrated, prima facie, its entitlement to judgment as a matter of law by showing that there was ade-

quate playground supervision and, in any event, that the level of supervision was not the proximate cause of the incident (*see Cranston v Nyack Pub. Schools,* 303 AD2d 441 [2003]; *Navarra v Lynbrook Pub. Schools Lynbrook Union Free School Dist.,* 289 AD2d 211 [2001]; *Ancewicz v Western Suffolk BOCES,* 282 AD2d 632 [2001]). The burden then shifted to the plaintiffs to produce evidentiary proof in admissible form sufficient to show the existence of a triable issue of fact. The plaintiffs failed to raise a triable issue of fact as to inadequate supervision and whether the level of supervision was a proximate cause of the alleged accident (*see Mirand v City of New York,* 84 NY2d 44 [1994]; *Ceglia v Portledge School,* 187 AD2d 550 [1992]). Therefore, the motion for summary judgment was properly granted. Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.