■ JANESSICA MOODY et al., Respondents, v NEW YORK CITY BOARD OF EDUCATION, Appellant. [780 NYS2d 603]—

In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated June 10, 2003, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed.

The 12-year-old infant plaintiff allegedly was injured when he entered a classroom with another student who was not in the class. The infant plaintiff and the other student were engaged in some horseplay, and the teacher directed the other student to leave the room. Before he did so, the other student pushed or threw the infant plaintiff's desk, allegedly injuring the infant plaintiff's finger.

The defendant contends that the Supreme Court erred in denying its cross motion for summary judgment dismissing the complaint because the infant plaintiff's injuries were not the foreseeable result of a failure to provide adequate supervision. We agree. Although schools are under a duty to adequately supervise the students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see Mirand v City of New York, 84 NY2d 44 [1994]), they are not insurers of the safety of their students, for they cannot be reasonably expected to continuously supervise and control all of the students' movements and activities (see Francisquini v New York City Bd. of Educ., 305 AD2d 455

[2003]). To find that the defendant breached its duty to provide adequate supervision in the context of injuries caused by the acts of fellow students, the plaintiffs must show that the defendant "had sufficiently specific knowledge or notice of the dangerous conduct which caused the injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York, supra* at 49; *see also Janukajtis v Fallon,* 284 AD2d 428, 429 [2001]). An injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury causing act (*see Mirand v City of New York, supra; Janukajtis v Fallon, supra; Ancewicz v Western Suffolk BOCES,* 282 AD2d 632 [2001]).

The defendant demonstrated its entitlement to summary judgment by establishing that it had no actual or constructive notice of any prior similar conduct on the part of the other student, and that his act of throwing or pushing the desk could not reasonably have been anticipated by the teacher (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Cranston v Nyack Pub. Schools,* 303 AD2d 441 [2003]; *Mitsel v New York City Bd. of Educ.,* 278 AD2d 291 [2000]). The infant plaintiff's affidavit submitted in opposition to the cross motion had no probative value, as it directly contradicted his own sworn testimony at the General Municipal Law § 50-h hearing, and was clearly designed to avoid the consequences of his earlier admissions (*see Hartman v Mountain Val. Brew Pub,* 301 AD2d 570, 571 [2003]).

Accordingly, under the circumstances of this case, the defendant was entitled to summary judgment (*see Mirand v City of New York, supra; Mitsel v New York City Bd. of Educ., supra*). Smith, J.P., Krausman, Adams and Skelos, JJ., concur.