■ MARTIN MACALINO et al., Respondents, v ELMONT UNION FREE SCHOOL DISTRICT, Appellant. [795 NYS2d 656]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Joseph, J.), dated December 9, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for the foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York,* 84 NY2d 44, 49 [1994]; *see Mitsel v New York City Bd. of Educ.,* 278 AD2d 291, 292 [2000]). However, schools are not insurers of the students' safety, and are only obligated to exercise such care over students that a parent of ordinary prudence would exercise under comparable circumstances (*see Mirand v City of New York, supra* at 49; *Jennings v Oceanside Union Free School Dist.,* 279 AD2d 507, 508 [2001]; *Gattyan v Scarsdale Union Free School Dist. No. 1,* 152 AD2d 650, 651 [1989]).

The defendant established its prima facie entitlement to summary judgment by demonstrating that it provided adequate supervision, and, in any event, that the level of supervision provided was not a proximate cause of the accident (*see Reuveni v BECEC, Inc.,* 5 AD3d 367 [2004]; *Weinblatt v Eastchester Union Free School Dist.,* 303 AD2d 581, 582 [2003]; *Davidson v Sachem Cent. School Dist.,* 300 AD2d 276 [2002]; *Lopez v Freeport Union Free School Dist.,* 288 AD2d 355, 356 [2001]).

In opposition, the plaintiff failed to raise a triable issue of fact as to inadequate supervision and, if inadequate, whether the level of supervision provided was a proximate cause of the accident. Therefore, the Supreme Court should have granted the defendant's motion for summary judgment. H. Miller, J.P., Cozier, Crane and Skelos, JJ., concur.