■ DUSTIN SAVASTANO et al., Appellants, v PM AMUSEMENTS et al., Respondents. [850 NYS2d 178]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), dated June 2, 2006, which granted the separate motions of the defendants PM Amusements and Yorktown Central School District for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The defendant Yorktown Central School District established its prima facie entitlement to summary judgment by demonstrating that it provided adequate supervision to its students and, in any event, that the level of supervision provided was not a proximate cause of the infant plaintiff's accident (see Reuveni v BECEC, Inc., 5 AD3d 367, 367-368 [2004]; Weinblatt v Eastchester Union Free School Dist., 303 AD2d 581, 582 [2003]; Davidson v Sachem Cent. School Dist., 300 AD2d 276 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact

(*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Reuveni v BECEC, Inc.*, 5 AD3d at 368; *Weinblatt v Eastchester Union Free School Dist.*, 303 AD2d at 582).

The defendant PM Amusements also established its prima facie entitlement to summary judgment. First, it demonstrated that it did not create the alleged dangerous condition that caused the infant plaintiff's injury, and that it did not have any notice, actual or constructive, of that alleged dangerous condition (*see Pisano v Young Women's Christian Assn. of Brooklyn*, 43 AD3d 814 [2007]; *Russo v Valley Cent. School Dist.*, 33 AD3d 782, 783 [2006]; *cf. Vollmer v Town of Wawayanda*, 247 AD2d 610, 611 [1998]). Second, it established that any breach of a duty of care it owed the infant plaintiff was not the proximate cause of his injury (*see Reuveni v BECEC, Inc.*, 5 AD3d at 368; *Weinblatt v Eastchester Union Free School Dist.*, 303 AD2d at 582). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562-563; *Gershman v Habib*, 37 AD3d 530 [2007]; *Russo v Valley Cent. School Dist.*, 33 AD3d at 783; *Reuveni v BECEC, Inc.*, 5 AD3d at 368; *Weinblatt v Eastchester Union Free School Dist.*, 303 AD2d at 582).

Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them. Crane, J.P., Miller, Dillon and Balkin, JJ., concur.