■ BRITTANY K. HANSEN, Respondent, v BATH & TENNIS MARINA CORP. et al., Respondents, and WESTHAMPTON BEACH UNION FREE SCHOOL DISTRICT, Appellant. [900 NYS2d 365]—

In an action to recover damages for personal injuries, the defendant Westhampton Beach Union Free School District appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), entered April 23, 2009, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Westhampton Beach Union Free School District for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

In March 2006 the plaintiff, an 18-year-old senior at Westhampton Beach High School, was a member of the school's Rotary Interact Club (hereinafter the Interact Club). Members of the Interact Club performed community service in conjunction with the defendant Rotary Club of Westhampton, Inc. (hereinafter the Rotary Club). Interact Club members were required to attend weekly meetings at the school and, through their participation in the Interact Club's activities, could satisfy the school health class's community service requirement. The Interact Club's faculty adviser was Amy Demchak, a business teacher at the high school.

On Sunday, March 26, 2006, members of the Interact Club

were scheduled to assist the Rotary Club at a spaghetti dinner to be held at a restaurant owned by the defendant Atlantica, LLC (hereinafter Atlantica), at the premises of the defendant Bath & Tennis Marina Corp. The plaintiff had not volunteered to participate in the event when Demchak asked for volunteers at an Interact Club meeting. Nevertheless, she agreed to participate when, on the day of the event, she was asked to do so by another Interact Club member, her friend, the defendant Brittany Bauer. Demchak was present at the restaurant for part of the event "to check in and see the students" and was aware that student volunteers were serving food from chafing dishes. The chafing dishes were heated by sterno cannisters. An employee of Atlantica asked the plaintiff and Bauer to inform an employee when any sterno cannister went out. At some point after Demchak left the premises, one of the sterno cannisters went out, and an employee of the restaurant obtained a new one from a cabinet and lit it by holding an already lit cannister to it. When another cannister went out, one of the Interact Club members informed an employee, who obtained a new one from the cabinet and put it on the table, but then walked away. Bauer attempted to light it the same way as the employee had done, but she dropped both cannisters when flames appeared, and the plaintiff, who was standing nearby, allegedly sustained burns. The plaintiff commenced this action against various individuals and entities, including the Westhampton Beach Union Free School District (hereinafter the district). After discovery was completed, the district moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion. We reverse.

As the party seeking summary judgment, the district had the initial burden of establishing its prima facie entitlement to such relief (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In attempting to meet this burden, the district argued, inter alia, that it had no duty to supervise the plaintiff at the dinner because the dinner was an off-campus event that the district did not run. Further, it argued that, in any event, the plaintiff's injuries were not foreseeable because it was not foreseeable that Bauer would attempt to light a new cannister herself.

Schools have a duty to adequately supervise students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]). This duty stems from the school's physical custody over students and is based on the rationale that, by exercising such custody, the school has

deprived the students of the protection of their parents or guardians (see Pratt v Robinson, 39 NY2d 554, 560 [1976]; Restatement [Second] of Torts § 320, Comment *b*). It follows, then, that the school's "duty to protect its students from negligence is coextensive with and concomitant to its physical custody and control over its students" and that, "[t]herefore, once students leave their school's orbit of authority, parents are free to resume custodial control and the school's custodial duty ceases" (*Banks v New York City Dept. of Educ.*, 70 AD3d 988, 990 [2010]). Although during school hours the standard is that of the reasonably prudent parent, a lesser standard, that of the reasonable and prudent person, is applicable in the context of a student's voluntary participation in an intramural or extracurricular school sport (see *Reed v Pawling Cent. School Dist.*, 245 AD2d 281 [1997]).

Here, the district met its prima facie burden of establishing its entitlement to judgment as a matter of law. Even assuming that it had a duty to supervise the members of the Interact Club at the off-campus dinner (*cf. Burrows v Union Free School Dist. of Tarrytowns*, 250 AD2d 799, 799-800 [1998]), the district established, prima facie, that it could not foresee that Bauer would attempt to light a cannister herself (see *Mirand v City of New York*, 84 NY2d at 49; *In-Ho Yu v Korean Cent. Presbyt. Church of Queens*, 303 AD2d 369, 369-370 [2003]). In opposition, no triable issue of fact was raised (*id.*). Consequently, the motion should have been granted. Fisher, J.P., Dillon, Dickerson and Eng, JJ., concur.