■ ANGELA FERNANDEZ, Appellant, v BUCKNELL REALTY LIMITED PARTNERSHIP et al., Respondents. [999 NYS2d 862]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lane, J.), entered October 3, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff alleged that she slipped and fell on a puddle of water as she entered the lobby of her apartment building, which was owned by the defendants. The plaintiff commenced this action against the defendants and, during the pendency of the action, the defendants moved for summary judgment dismissing the complaint on the ground that they did not create or have notice of the condition upon which the plaintiff allegedly fell. The Supreme Court granted the motion, and we reverse.

To impose liability upon a defendant in a slip-and-fall action, there must be evidence that a dangerous or defective condition existed, and that the defendant either created the condition or had actual or constructive notice of it (see *Cusack v Peter Luger, Inc.*, 77 AD3d 785 [2010]; *Steisel v Golden Reef Diner*, 67 AD3d 670, 671 [2009]; *DeLeon v Westhab, Inc.*, 60 AD3d 888 [2009];

*Sloane v Costco Wholesale Corp.*, 49 AD3d 522, 523 [2008]). Thus, a defendant moving for summary judgment in a slip-and-fall action has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Altinel v John's Farms*, 113 AD3d 709 [2014]; *Petersel v Good Samaritan Hosp. of Suffern, N.Y.*, 99 AD3d 880 [2012]; *Johnson v Culinary Inst. of Am.*, 95 AD3d 1077, 1078 [2012]; *Amendola v City of New York*, 89 AD3d 775, 775 [2011]). A defendant has constructive notice of a defect when the defect is visible and apparent, and existed for a sufficient length of time before the accident such that it could have been discovered and corrected (*see Gordon v American Museum of Natural History*, 67 NY2d at 837-838; *Knack v Red Lobster 286, N & D Rests., Inc.*, 98 AD3d 473 [2012]).

The evidence submitted by the defendants in support of their motion for summary judgment, which included the plaintiff's own deposition testimony, raised triable issues of fact as to whether the alleged condition that caused the plaintiff to fall was visible and apparent and whether it had existed for a sufficient length of time before the accident such that it could have been discovered and corrected by them (*see Gordon v American Museum of Natural History*, 67 NY2d at 837-838; *Calabro v Harbour at Blue Point Home Owners Assn., Inc.*, 120 AD3d 462 [2014]; *Garris v Lindemann*, 117 AD3d 785 [2014]; *Villaurel v City of New York*, 59 AD3d 709 [2009]). Since the defendants failed to eliminate all triable issues of fact, they failed to establish their prima facie entitlement to judgment as a matter of law. Accordingly, the Supreme Court should have denied their motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.