■ HENRIETTA LIVINGSTON, Appellant, v BETTER MEDICAL HEALTH, P.C., et al., Respondents. [52 NYS3d 482]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Silber, J.), entered January 6, 2016, which granted the defendants' motion for an extension of time to move for summary judgment, and thereupon, for summary judgment dismissing the amended complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that after she had undergone an MRI in the office of the defendant Better Medical Health, P.C., in Brooklyn, she was walking back toward the changing room when, as she turned left, the carpet runner on the floor of the

office hallway moved, causing her to fall and sustain injuries. The plaintiff commenced this action to recover damages for personal injuries against the defendants Better Medical Health, P.C., and Omega Administrative Services, LLC, who, at the time, were leasing the office where the subject accident occurred. During the pendency of the action, the defendants moved for leave to file an extension of time to move for summary judgment, and thereupon, for summary judgment dismissing the amended complaint. The plaintiff opposed the motion. The Supreme Court granted the defendants' motion, and the plaintiff appeals.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was for an extension of time to move for summary judgment. The defendants established good cause for the delay (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]).

Furthermore, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the amended complaint. "An owner or tenant in possession of realty owes a duty to maintain the property in a reasonably safe condition" (*Farrar v Teicholz*, 173 AD2d 674, 676 [1991]; *see Boudreau-Grillo v Ramirez*, 74 AD3d 1265 [2010]; *Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]; *Millman v Citibank*, 216 AD2d 278 [1995]; *see also Mavis v Rexcorp Realty, LLC*, 143 AD3d 678 [2016]). In this case, to impose liability upon the defendants for the plaintiff's fall, there must be evidence that a dangerous or defective condition existed, and that the defendants had actual or constructive notice of the condition and failed to remedy it within a reasonable time (*see Fernandez v Bucknell Realty Ltd. Partnership*, 123 AD3d 972, 972 [2014]; *Drago v DeLuccio*, 79 AD3d 966 [2010]). Thus, "a defendant moving for summary judgment in a slip-and-fall action has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Fernandez v Bucknell Realty Ltd. Partnership*, 123 AD3d at 973; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Altinel v John's Farms*, 113 AD3d 709 [2014]; *Petersel v Good Samaritan Hosp. of Suffern, N.Y.*, 99 AD3d 880 [2012]).

Here, the evidence submitted in support of that branch of the defendants' motion which was for summary judgment dismissing the amended complaint was sufficient to establish their prima facie entitlement to judgment as a matter of law.

The evidence demonstrated that the defendants did not create a dangerous or defective condition with respect to the carpet runner, and did not have actual or constructive notice of any such condition with respect to the carpet runner prior to the subject accident (*see Leary v Leisure Glen Home Owners Assn., Inc.*, 82 AD3d 1169 [2011]). In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether the carpet runner was in a dangerous or defective condition prior to her fall and, if so, whether the defendant created such condition or had actual or constructive notice of it.

Accordingly, the Supreme Court properly granted the defendants' motion. Rivera, J.P., Balkin, Barros and Brathwaite Nelson, JJ., concur.