B.J. v Board of Educ. of the City of N.Y. (2019 NY Slip Op 03325)





B.J. v Board of Educ. of the City of N.Y.


2019 NY Slip Op 03325


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-03949
 (Index No. 7470/14)

[*1]B.J., etc., et al., appellants, 
v
Board of Education of the City of New York, et al., respondents.


Gary A. Zucker & Associates, P.C., Brooklyn, NY (Daniel B. Rubin of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Melanie T. West of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 3, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The infant plaintiff allegedly was injured during a high school lacrosse practice when a nonstudent brought a dog into the field area and the dog broke loose, chasing another student and causing that student to accidently run into the infant plaintiff. The infant plaintiff, by her mother and natural guardian, and her mother suing derivatively, commenced this action against the defendants, the Board of Education of the City of New York, the New York City Department of Education, and the City of New York, to recover damages for personal injuries allegedly caused as a result of inadequate supervision. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, and the plaintiffs appeal.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49). "However, schools are not insurers of safety and they cannot be reasonably expected to continuously supervise and control all movements and activities of their students" (Mitsel v New York City Bd. of Educ., 278 AD2d 291, 292; see Janukajtis v Fallon, 284 AD2d 428). To find that a lack of adequate supervision is a proximate cause of a student's injury, "it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused [the] injury" (Mitsel v New York City Bd. of Educ., 278 AD2d at 292 [internal quotation marks omitted]; see Buchholz v Patchogue-Medford School Dist., 88 AD3d 843, 844; Smith v East Ramapo Cent. School Dist., 293 AD2d 521, 522). Specific knowledge of the danger is a necessary element in determining proximate cause because "school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily" (Diana G. v Our Lady Queen of Martyrs Sch., 100 AD3d 592, 594; see Convey v City of Rye School Dist., 271 AD2d 154). The conduct of another student "may be considered extraordinary and intervening, thus breaking the causal nexus [*2]between a defendant's negligent act or omission and a plaintiff's injury" (Mirand v City of New York, 84 NY2d at 50).
Here, the defendants established, prima facie, that they had no specific knowledge of any prior instances of dogs being brought into the field area during sports practices. Furthermore, the act of a student running into the infant plaintiff was a spontaneous, impulsive, and intervening act that could not have been anticipated. Therefore, the defendants established, prima facie, that any alleged lack of supervision was not a proximate cause of the infant plaintiff's injuries (see Paragas v Comsewogue Union Free School Dist., 65 AD3d 1111, 1112; Wuest v Board of Educ. of Middle Country Cent. School Dist., 298 AD2d 578, 579; Shabot v East Ramapo School Dist., 269 AD2d 587). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the plaintiffs' remaining contention.
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court