A.Y. v Broadway Mall Partners, L.P. (2019 NY Slip Op 06016)





A.Y. v Broadway Mall Partners, L.P.


2019 NY Slip Op 06016


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-03639
 (Index No. 607665/15)

[*1]A.Y., etc., appellant, 
v
Broadway Mall Partners, L.P., defendant, Vornado Broadway Mall, LLC, respondent.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Ellyn B. Wilder of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered January 22, 2018. The order granted the motion of the defendant Vornado Broadway Mall, LLC, for summary judgment dismissing the second amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On March 29, 2013, the plaintiff allegedly was injured while playing in a children's play area located within Broadway Mall in Hicksville. The plaintiff, who was with his mother, stood at the top of a train-shaped slide when another child pushed the plaintiff from behind, causing him to fall from the slide. Subsequently, the plaintiff, by his mother, commenced this personal injury action against the owner of Broadway Mall, Vornado Broadway Mall, LLC (hereinafter Vornado), and another defendant, alleging, among other things, that Vornado was negligent in maintaining its premises. Following joinder of issue and discovery, Vornado moved for summary judgment dismissing the second amended complaint insofar as asserted against it. The Supreme Court granted the motion, and the plaintiff appeals.
Contrary to the plaintiff's contentions, the evidence submitted in support of Vornado's motion demonstrated, prima facie, that the play area and the subject slide were maintained in a reasonably safe condition (see Yuan Gao v City of New York, 145 AD3d 939, 940; Padden v County of Suffolk, 52 AD3d 663, 664; Sobti v Lindenhurst School Dist., 35 AD3d 439; Swan v Town of Brookhaven, 32 AD3d 1012). Vornado further demonstrated that it lacked actual or constructive notice of any dangerous or defective condition with respect to the play area, including the slide at issue (see Livingston v Better Med. Health, P.C., 149 AD3d 1061, 1062-1063; Russo v Valley Cent. School Dist., 33 AD3d 782, 783; Sinto v City of Long Beach, 290 AD2d 550), and that the sole proximate cause of the accident was the conduct of the other child in pushing the plaintiff. The issue of proximate cause may be decided as a matter of law in this case because only one conclusion may be drawn from the established facts (see Howard v Poseidon Pools, 72 NY2d 972, 974; Egan v Emerson Assoc., LLC, 127 AD3d 806, 807; Riccio v Kid Fit, Inc., 126 AD3d 873, 874). In opposition, the plaintiff failed to raise a triable issue of fact sufficient to defeat Vornado's motion for summary judgment (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325).
Accordingly, we agree with the Supreme Court's determination to grant Vornado's motion for summary judgment dismissing the second amended complaint insofar as asserted against it.
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court