Smilovich v City of New York (2025 NY Slip Op 04589)

Smilovich v City of New York

2025 NY Slip Op 04589

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2022-06118
 (Index No. 506592/18)

[*1]Bernard Smilovich, appellant, 
v
City of New York, respondent.

Kelner & Kelner, New York, NY (Joshua D. Kelner of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Hannah J. Sarokin and
Rebecca Visgatis of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated July 11, 2022. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff, a sanitation worker, commenced this action to recover damages for personal injuries he allegedly sustained when, as he was exiting the passenger side of a garbage collection truck owned by the defendant, his seat gave way beneath him causing him to slip and fall. The plaintiff alleged that there was an approximately one-foot-long tear in the black vinyl cover on the outer edge of the seat, exposing the interior foam of the seat, portions of which were missing, which caused the seat to give way. The defendant moved for summary judgment dismissing the complaint, contending that it did not create the alleged hazardous condition or have actual or constructive notice of its existence. In an order dated July 11, 2022, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
A defendant has the "'initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it'" (Hughes v Tower Crestwood 2015, LLC, 197 AD3d 633, 634, quoting Castillo v Silvercrest, 134 AD3d 977, 977). "A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Anderson v United Parcel Serv., Inc., 194 AD3d 675, 677; see Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint. The defendant's submissions, which included, among other things, a transcript of the deposition testimony of its supervisor of mechanics, failed to eliminate all triable issues of fact as to whether the defendant had constructive notice of the allegedly dangerous [*2]condition, the passenger seat in the truck, that caused the plaintiff to fall. The supervisor of mechanics, when shown a photograph that depicted the condition of the seat taken immediately after the incident, testified that "the seat has been broken for many shifts" and that "this seat has been worn for—a few days." Thus, the defendant's submissions failed to eliminate triable issues of fact as to whether the alleged condition that caused the plaintiff to fall was visible and apparent and whether it had existed for a sufficient length of time before the accident such that the defendant had a reasonable opportunity to discover and correct it (see Fasano v St. Bernard Church, 169 AD3d 645, 646-647; Fernandez v Bucknell Realty Ltd. Partnership, 123 AD3d 972, 973).
Accordingly, the Supreme Court should have denied the defendant's motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court