■ BRIAN DWOSKIN, Respondent, v BURGER KING CORPORATION, Appellant. [671 NYS2d 494] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Phelan, J.), dated June 23, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff commenced the instant action to recover damages for personal injuries he allegedly sustained when he slipped and fell on a puddle of water and melting ice located at least 3 to 4 feet away from the self-service beverage counter in the defendant's restaurant. The defendant moved for summary judgment on the ground that it neither created the allegedly dangerous condition, nor had actual or constructive notice of the condition. In support of its motion, it submitted evidence that 10 minutes before the accident, an employee inspected the area where the plaintiff fell and did not see the puddle of water and ice on which the plaintiff later slipped.

The plaintiff asserted, *inter alia,* that the puddle of water and melting ice near the self-service beverage counter constituted a recurrent dangerous condition and therefore, that the defendant had constructive notice of the dangerous condition.

On a motion for summary judgment to dismiss the complaint based upon lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law (*see, Gordon v Waldbaum, Inc.,* 231 AD2d 673, 674; *Colt v Great Atl. & Pac. Tea Co.,* 209 AD2d 294, 295; *Padula v Big V Supermarkets,* 173 AD2d 1094). In opposition, in order "[t]o prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or

that the defendant had actual or constructive notice of the condition" (*Bradish v Tank Tech Corp.,* 216 AD2d 505, 506; *Gaeta v City of New York,* 213 AD2d 509). In the instant case, the defendant sufficiently established the absence of notice as a matter of law (*see, McClarren v Price Chopper Supermarkets,* 226 AD2d 982; *Maiorano v Price Chopper Operating Co.,* 221 AD2d 698). Since the plaintiff submitted no proof, only speculation, that the puddle of water and ice on the floor was in fact caused by the ice machine at the beverage counter, the defendant is entitled to summary judgment dismissing the complaint. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.