■ THOMAS J. STANCARONE et al., Appellants-Respondents, v WALDBAUMS INC., Respondent, and C. RAIMONDO & SONS CONSTRUCTION CO., INC., Defendant and Third-Party Plaintiff-

Respondent. FLOORTECH, INC., Third-Party Defendant-Respondent-Appellant. (And Another Title.) [713 NYS2d 367] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maestro, J.), dated April 16, 1999, as granted those branches of the separate motions of the defendants Waldbaums Inc., and the defendant second third-party plaintiff C. Raimondo & Sons Construction Co., Inc., which were for summary judgment dismissing the complaint insofar as asserted against them, and the defendant second third-party defendant Floortech, Inc., cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint, the second third-party complaint, and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the second third-party defendant Floortech, Inc., for summary judgment dismissing the complaint, the second third-party complaint, and all cross claims insofar as asserted against it and substituting therefor a provision granting the motion; as so modified, the order is affirmed, with one bill of costs payable by the plaintiff to the defendants appearing separately and filing separate briefs.

The injured plaintiff, Thomas Stancarone, slipped and fell in an aisle of a Waldbaums supermarket. He did not notice any debris or defect that could have caused him to fall. The deposition testimony of a witness to the accident indicated that there was flashcoating on the floor which felt smooth, even, and damp. Another witness stated at a deposition that the area where the plaintiff fell was covered with a "gritty substance", such as dust, sawdust, or filings. The second third-party defendant Floortech, Inc. (hereinafter Floortech), a subcontractor of the defendant C. Raimondo & Sons Construction Co., Inc. (hereinafter Raimondo), had applied flashcoating, a cement-based mix, to a portion of the aisle floor five days before the accident.

Contrary to the Supreme Court, Floortech established its prima facie entitlement to summary judgment as a matter of law, by establishing that it neither created nor had notice of the allegedly defective condition which caused the plaintiff's fall. Evidence was presented that when dry, flashcoating is similar to the surface of a sidewalk, and that it dries to the touch in about an hour after application. Floortech had applied the flashcoating five days before the accident, and did not

perform any work in the store in the interim. For a plaintiff in a slip and fall case to establish a prima facie case of negligence, the plaintiff must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition (*see, Goldman v Waldbaum, Inc.,* 248 AD2d 436; *Kraemer v K-Mart Corp.,* 226 AD2d 590). In opposition to the motion, the plaintiff failed to offer evidence to support his contention that the flashcoating had been negligently applied. The plaintiff's unsubstantiated and speculative assertion that the flashcoating, rather than any other substance which might have been present on the floor, caused his fall, was insufficient to defeat Floortech's motion (*see, Sanchez-Acevedo v Mariott Health Care Serv.,* 270 AD2d 244; *Gardner v Waldbaum's Supermarket,* 264 AD2d 810; *Lee v Rite Aid,* 261 AD2d 368).

We agree with the Supreme Court, however, that Waldbaums and Raimondo established their prima facie entitlement to summary judgment on the ground that they neither created nor had notice of a defective condition on the floor. The plaintiff contends that Waldbaums and Raimondo had a duty to inspect the flashcoating and/or to warn the public of the condition. However, since, in opposition to their motions, the plaintiff offered only speculation that the flashcoating caused the accident, the evidence in the record failed to present any triable issues of fact as to the liability of Waldbaums and Raimondo (*see, Dwoskin v Burger King Corp.,* 249 AD2d 358; *Goldman v Waldbaum, Inc., supra*). O'Brien, J. P., Thompson, Altman and Friedmann, JJ., concur.