■ THOMASINA MONTE, Appellant, v T.J. MAXX, Respondent. [741 NYS2d 117] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated June 27, 2001, which granted the defendant's motion for summary judgment dismissing the complaint. The appeal brings up for review so much of an order of the same court, entered November 13, 2001, as, upon reargument, adhered to the prior determination (*see* CPLR 5517).

Ordered that the appeal from the order dated June 27, 2001, is dismissed, as that order was superseded by the order entered November 13, 2001, made upon reargument; and it is further,

Ordered that the order entered November 13, 2001, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she slipped and fell on a discarded clothes hanger near the front entrance to the defendant's store. The defendant moved for summary judg-

ment on the ground that it neither created the allegedly dangerous condition nor had actual or constructive notice of it. In support of its motion, the defendant submitted evidence establishing, inter alia, that the area where the plaintiff fell was inspected three times per day and that a custodian worked near the area and was responsible for taking the hangers removed by cashiers at the checkout counters to the receiving department.

To constitute constructive notice, a defective condition must be visible and apparent, and must exist for a sufficient period of time before the accident for a defendant to discover and correct it (*see Gordon v American Museum of Natural History,* 67 NY2d 836; *Kraemer v K-Mart Corp.,* 226 AD2d 590).

After the defendant established a prima facie case of its entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. In opposition, the affidavit of the plaintiff's notice witness did not sufficiently indicate the length of time that the discarded hanger was on the floor, or that it was in the same area where the plaintiff fell (*see Kerson v Waldbaums Supermarket,* 284 AD2d 376). Moreover, the plaintiff testified that the accident occurred when she attempted to maneuver her cart to avoid hangers on the floor. Under such circumstances, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Smith, J.P., O'Brien, McGinity and Crane, JJ., concur.