■ JOANN MANZIONE et al., Respondents, v WAL-MART STORES, INC., Appellant. [744 NYS2d 466] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Jonas, J.), entered September 10, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On January 24, 1999, the injured plaintiff Joann Manzione allegedly sustained personal injuries when she slipped on a clear plastic hanger at the defendant's store. At examinations before trial, the injured plaintiff and her husband, who was present at the scene of the accident, each testified that they did not see the hanger at any time before the accident. The injured plaintiff claimed that she did not know how the hanger had come to be on the floor or how long it had been there.

The defendant moved for summary judgment, based, inter alia, upon the deposition testimony of the injured plaintiff and her husband, and the deposition and affidavit of Julie Wells, the store's assistant manager at the time of the accident, who stated that she had no notice of any hangers on the floor at the time of the accident, that no store employees witnessed the accident, and that the store was periodically swept of debris. The evidence submitted by the defendant established its entitlement to judgment as a matter of law (*see Monte v T.J. Maxx*, 293 AD2d 722).

In opposition to the motion the injured plaintiff submitted an affidavit in which she claimed that the hangers on the floor of the store constituted a recurring condition, and alleged, based upon hearsay, that the particular hazard which caused her to fall was created by an employee of the defendant.

The Supreme Court denied the defendant's motion for summary judgment, finding that the plaintiff's affidavit raised issues of fact as to whether the defendant had actual notice of the recurring hazard and as to whether the defendant's employee created the condition. We reverse.

Where the defendant has satisfied its burden of showing the

absence of actual or constructive notice of the allegedly dangerous condition, the plaintiff is "required to show by specific factual references that the defendant had knowledge of the allegedly recurring condition" (*Carlos v New Rochelle Mun. Hous. Auth.*, 262 AD2d 515, 516). Conclusory affidavits "which fail to identify how long the condition existed, or the identity of the persons to whom notice of the condition was allegedly given, and when and how it was given" are insufficient (*Carlos v New Rochelle Mun. Hous. Auth.*, *supra* at 516). In the instant case, the injured plaintiff's affidavit contains conclusory allegations and hearsay, which are insufficient to raise a triable issue of fact. Further, in light of her deposition testimony, her affidavit raised feigned factual issues designed to avoid the consequences of earlier admissions (*see Garvin v Rosenberg,* 204 AD2d 388).

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Altman, Smith and Goldstein, JJ., concur.