■ KENNETH LOVE et al., Respondents, v HOME DEPOT U.S.A., INC., Appellant. [774 NYS2d 765]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Dutchess County (Dolan, J.), dated January 14, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly was injured when he tripped and fell in one of the defendant's stores. At his deposition, the plaintiff testified that he was unable to see exactly what caused him to fall because it was covered by paper and plastic packing materials used to wrap crates. He also testified that he tripped over something that was either on the floor or sticking out of a shelf.

Contrary to the plaintiffs' contention, the defendant established its prima facie entitlement to summary judgment through the deposition testimony of its sales associate and assistant manager who testified that they routinely cleaned the store aisles. The sales associate to whom the injured plaintiff reported the accident also testified that when he arrived at the scene immediately thereafter, he did not see any materials or debris on the floor, only empty pallets on the side of the aisle (*see Manzione v Wal-Mart Stores,* 295 AD2d 484 [2002]; *Roa v Waldbaum, Inc.,* 293 AD2d 735 [2002]; *Monte v T.J. Maxx,* 293 AD2d 722 [2002]; *Connizzo v K-Mart Corp.,* 290 AD2d 527 [2002]). In response, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contention that the defendant's employ-

ees created the allegedly dangerous condition by leaving paper and plastic removed from the nearby pallet on the floor was too speculative to raise an issue of fact (*see Portanova v Dynasty Meat Corp.*, 297 AD2d 792 [2002]; *Sieber v Estee Lauder, Inc.*, 293 AD2d 596 [2002]). Additionally, the plaintiffs did not put forth any evidence that the defendant had actual or constructive notice of the alleged dangerous condition, or that it was a recurring dangerous condition (*see Gloria v MGM Emerald Enters.*, 298 AD2d 355 [2002]). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Altman, J.P., H. Miller, Cozier and Mastro, JJ., concur.