implicating himself and defendant in these crimes rendered him highly undesirable as a potential defense witness. We have considered and rejected defendant's remaining arguments concerning the issue of ineffective assistance.

The court properly denied defendant's request for a missing witness charge with respect to an unnamed 911 caller. The request was untimely and it did not meet any of the requirements for a missing witness charge (*see People v Gonzalez*, 68 NY2d 424 [1986] [1980]). Concur—Tom, J.P., Sullivan, Williams, Lerner and Sweeny, JJ.

■ Rosy Guedj et al., Respondents, v Raymond Dana et al., Appellants, et al., Defendants. [783 NYS2d 37]—

Judgment, Supreme Court, New York County (Charles Edward Ramos, J.), entered May 19, 2003, after a nonjury trial, which, to the extent appealed from, awarded plaintiff Guedj the principal sum of $262,000, plus interest, costs and attorney's fees, against the Dana defendants, unanimously affirmed, with costs.

This action, alleging fraudulent conveyance by Celine Dana, was commenced within two years of plaintiffs' discovery of the transfers, and thus within the statute of limitations (CPLR 203 [g]). The mere fact that deeds had earlier been recorded was insufficient to constitute constructive notice of the conveyances in the absence of some knowledge that would have required plaintiffs to investigate the public records (*cf. Harris v Wilmorite Corp.*, 266 AD2d 902 [1999]).

The evidence at trial amply supports the trial court's finding that these conveyances were not made for valid consideration and were otherwise fraudulent. Such a determination may not be disturbed on appeal unless the fact-finding court's conclusions could not have been reached under any fair interpretation of the evidence, particularly where such findings rest, in large measure, on the court's assessment of the credibility of witnesses (*Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]).

We have considered defendants-appellants' other arguments and find them unavailing. Concur—Tom, J.P., Sullivan, Williams, Lerner and Sweeny, JJ.

■ Rafael Papoters et al., Appellants, v 40-01 Northern Blvd. Corp., Doing Business as and/or Known as Tequila Sunrise Restaurant, et al., Respondents. [783 NYS2d 555]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered June 13, 2003, which, in an action arising out of a slip and fall on a stairway in defendant-respondent's restaurant, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint as against the restaurant, unanimously affirmed, without costs.

Plaintiff asserts that the first time he went down the stairs to go to the bathroom, he did not notice anything on the steps, but he did see liquid nearby on the floor landing at the top of the stairs, and reported it to a restaurant employee. When plaintiff went down the stairs a second time some 45 to 60 minutes later, he did not look at the floor to see if it was still wet, but he did look down at the first step and saw nothing. The restaurant's witnesses confirmed that there was no wetness on the top steps immediately after the accident. Thus, as the motion court found, there is simply no evidence of a hazardous condition on the stairs that could have caused plaintiff's fall. Plaintiff's opposing affidavit, which states that the top step was wet, is unavailing since it contradicts his prior deposition testimony, and is thus inherently suspect (*see Schiavone v Brinewood Rod & Gun Club*, 283 AD2d 234, 235-236 [2001]). But even if the step were wet, such condition, without more, would be insufficient to impose liability; in addition, there must be evidence that the restaurant either created the wetness or had actual or constructive notice of it (*see Segretti v Shorenstein Co.*, 256 AD2d 234, 234-235 [1998]; *Berger v ISK Manhattan*, 10 AD3d 510 [2004]). In this regard, plaintiff would have the factfinder infer that the liquid he had observed on floor an hour earlier had found its way to the nearby stairs. The motion court properly rejected this argument as speculative inasmuch as plaintiff cannot say that the liquid he had observed on the floor the first time he used the stairs was still there the second time he used the stairs. Nor does the record contain any expert analysis of the slope of the floor at the top of the stairs and its effect on any liquid that may have been there. We have considered plaintiff's other theories of causation and also find them speculative. Concur—Tom, J.P., Sullivan, Williams, Lerner and Sweeny, JJ.