■ Eva Lipsky et al., Appellants, v Firebaugh Realty Corp., Doing Business as Firebaugh Realty Associates, et al., Defendants, and Marshalls, Respondent. [809 NYS2d 535]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Burke, J.), entered January 12, 2005, as, upon an order of the same court entered November 24, 2004, inter alia, granting that branch of the motion of the defendant Marshalls which was for summary judgment dismissing the complaint insofar as asserted against it, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiffs allege that the plaintiff Eva Lipsky (hereinafter the plaintiff) slipped on a clothes hanger lying on the floor in the middle of an aisle of the ladies' department of the defendant Marshalls' West Babylon store. Marshalls moved for summary judgment dismissing the complaint insofar as asserted against it and, in support of its motion, submitted evidence establishing that the store floor was constantly policed for debris, including clothes hangers. Additionally, both plaintiffs testified that they did not see the clothes hanger before the plaintiff allegedly slipped on it and fell. Finally, there was no proof establishing in any way how long the clothes hanger was on the floor before the plaintiff slipped on it.

The proof submitted by Marshalls was sufficient to make out a prima facie case showing its entitlement to judgment as a matter of law. In response thereto, the plaintiff failed to raise a triable issue of fact. Accordingly, Marshalls was entitled to summary judgment dismissing the complaint insofar as asserted against it (*see Love v Home Depot U.S.A.*, 5 AD3d 636 [2004]; *Manzione v Wal-Mart Stores*, 295 AD2d 484 [2002]; *Monte v T.J. Maxx*, 293 AD2d 722 [2002]; *cf. Rosati v Kohl's Dept. Stores*, 1 AD3d 674 [2003]; *Rose v Da Ecib USA*, 259 AD2d 258 [1999]). Goldstein, J.P., Mastro, Spolzino and Lunn, JJ., concur.