(March 21, 2006)

■ Selma Acheson et al., Appellants, v Robert E. Shepard et al., Respondents. [811 NYS2d 781]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered October 4, 2004, which granted the motion of the defendants Robert E. Shepard, Charles Anderson Trust, and First Union National Bank of Florida, and the separate motion of the defendant Robert J. Plaut Associates, Inc., for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The defendants Robert E. Shepard, Charles Anderson Trust, and First Union National Bank of Florida (hereinafter collectively the Trust) owned, and the defendant Robert J. Plaut Associates, Inc. (hereinafter the Associates), managed, an apartment building in Larchmont. The plaintiff Selma Acheson lived in the building and alleged that she was injured when she slipped and fell on the wet, slippery, top step of an outdoor staircase. She and her husband, the plaintiff John Acheson, commenced this action against the defendants in which they alleged, inter alia, that the defendants negligently maintained the staircase.

The Trust and the Associates separately moved for summary judgment on the ground that they neither created the wet, slippery condition, nor had notice of it. The Supreme Court granted the motions. We affirm.

The defendants, through the plaintiffs' deposition testimony,

met their prima facie burden of establishing that they neither created, nor had actual or constructive notice of, the allegedly dangerous condition (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838 [1986]; *Dwoskin v Burger King Corp.,* 249 AD2d 358 [1998]; *Moss v JNK Capital,* 211 AD2d 769 [1995], *affd* 85 NY2d 1005 [1995]). The plaintiffs' opposition papers failed to raise a triable issue of fact (*see Dwoskin v Burger King Corp., supra*). Mere speculation as to how a condition was created will not suffice to defeat a motion for summary judgment (*see Goldman v Waldbaum, Inc.,* 297 AD2d 277 [2002]; *Sieber v Estee Lauder, Inc.,* 293 AD2d 596 [2002]; *Dwoskin v Burger King Corp., supra* at 359).

The plaintiffs' attorney submitted an affirmation in which he claimed that runoff water from an air conditioner on the building's roof, inadequate lighting, and negligent construction of the staircase created the condition. However, these allegations were speculative and unsupported by the evidence in the record. The references in the affirmation to the findings of the plaintiffs' purported expert were of no probative value, as a sworn report from this expert was never submitted to the Supreme Court, and the expert's qualifications were unknown (*see Hagan v General Motors Corp.,* 194 AD2d 766, 768 [1993]).

Accordingly, the Supreme Court properly granted the motions for summary judgment dismissing the complaint. The Associates' additional contentions need not be addressed in light of our determination. Crane, J.P., Santucci, Spolzino and Dillon, JJ., concur.