■ HELEN HAGAN, Appellant, v P.C. RICHARDS & SONS, INC., Respondent. [813 NYS2d 167]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated July 29, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In this action to recover damages for personal injuries, the plaintiff alleges that she slipped and fell in an aisle of the defendant's store, and that she noticed, after she fell, that the floor was "wet." The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

In support of its motion, the defendant annexed its manager's affidavit, in which he stated that no remodeling or cleaning was going on in the store on the day of the plaintiff's accident. This affidavit established, prima facie, the defendant's entitlement to judgment as a matter of law on the issue of whether it created the alleged wet condition (see West v DeJesus, 306 AD2d 402, 403 [2003]). In addition, the manager's affidavit and the affidavit of one of the defendant's salespersons asserted that the defendant was not informed of any dangerous wet condition on the day of the accident, and that neither the manager nor the salesperson had noticed liquid on the floor prior to the accident. This constituted a prima facie showing of the defendant's entitlement to judgment as a matter of law on the issue of whether it had notice of the wet condition that allegedly caused the plaintiff to fall (see Bradish v Tank Tech Corp., 216 AD2d 505, 506 [1995]; Gaeta v City of New York, 213 AD2d 509, 510 [1995]). In opposition, the plaintiff's allegation that she saw a spray bottle on the floor where she fell, without more, is wholly speculative and, thus, insufficient to raise a triable issue of fact (see Bradish v Tank Tech Corp, supra at 506; Gwyn v 575 Fifth Ave. Assoc., 12 AD3d 403, 404-405 [2004]; Gatanas v Picnic Garden B.B.Q. Buffet House, 305 AD2d 457 [2003]; Papoters v 40-01 N. Blvd. Corp., 11 AD3d 368, 369 [2004]; Pinto v Little Fish Corp., 273 AD2d 63 [2000]; Sosa v Golub Corp., 273 AD2d 762, 764-765 [2000]). Under such circumstances, the Supreme Court properly granted the defendant's motion. Adams, J.P., Ritter, Mastro and Skelos, JJ., concur.