■ DARRYL BORENKOFF et al., Respondents, v OLD NAVY, Appellant. [831 NYS2d 220]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Rockland County (Nelson, J.), dated November 7, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The injured plaintiff alleges that he slipped and fell on a clothes hanger lying on the floor of the defendant's store. Neither the injured plaintiff nor his wife saw the hanger on the floor before the accident. After depositions had been conducted, the defendant moved for summary judgment, contending that it had not created the allegedly dangerous condition or had actual or constructive notice of it. In opposition to the motion, the plaintiffs argued that there was an issue of fact as to whether the defendant had constructive notice of the fallen hanger because several employees were working in the vicinity of the accident site. The Supreme Court denied the defendant's motion, concluding that there was an issue of fact regarding notice.

The imposition of liability in a slip-and-fall case requires evidence that the defendant created the dangerous condition which caused the accident, or had actual or constructive notice of that condition (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Dulgov v City of New York, 33 AD3d 584 [2006]; Perlongo v Park City 3 & 4 Apts., Inc., 31 AD3d 409 [2006]). To constitute constructive notice, a defective condition must be visible and apparent, and must exist for a sufficient period of time before the accident for a defendant to discover and correct it (see Gordon v American Museum of Natural History, supra; Monte v T.J. Maxx, 293 AD2d 722 [2002]).

Here, the defendant satisfied its initial burden of showing it did not create the condition, and the absence of actual or constructive notice of the allegedly dangerous condition (see Lipsky v Firebaugh Realty Corp., 26 AD3d 313 [2006]; Love v Home Depot U.S.A., 5 AD3d 636 [2004]). In opposition to the defendant's prima facie showing, the plaintiffs failed to raise a triable issue of fact. The plaintiffs submitted no evidence that the defendant's employees created the condition by leaving hangers on the floor, and no evidence that the subject hanger had been on the floor for a sufficient length of time to provide constructive notice (see Lipsky v Firebaugh Realty Corp., supra; Love v Home Depot U.S.A., supra; Monte v T.J. Maxx, supra). Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.