■ Nunzia Calo et al., Appellants, v Bel-Mar Spa, Inc., Respondent. [831 NYS2d 262]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated September 29, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On May 15, 2002, after she had selected certain items from the display of fruits and vegetables which were placed on the sidewalk immediately outside of the defendant's store, the plaintiff Nunzia Calo (hereinafter the plaintiff) went inside the store to pay. The plaintiff alleged that after she had tendered payment, and when she was about four feet from the door, she slipped and fell as a result of a piece of gum on the floor. Based upon the physical appearance of the gum, the plaintiff contends that the defendant had constructive notice of the allegedly defective condition.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409, 410 [2004]; *see also Goldman v Waldbaum, Inc.*, 248 AD2d 436 [1998]). Here, there was no proof that the defendant created the condition. There was also no evidence that anyone, including the plaintiff, observed the "gum condition" on the floor prior to the accident. Under these

circumstances, the defendant established its entitlement to judgment as a matter of law (*see Lipsky v Firebaugh Realty Corp.*, 26 AD3d 313 [2006]; *Love v Home Depot U.S.A.*, 5 AD3d 636 [2004]; *Monte v T.J. Maxx*, 293 AD2d 722 [2002]; *Corsaro v Stop & Shop*, 287 AD2d 678 [2001]; *Manzione v Wal-Mart Stores*, 295 AD2d 484 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Reilly v Carrollwood Homeowners Assn., Inc.*, 31 AD3d 417 [2006]). Therefore, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Santucci, J.P., Goldstein, Carni and McCarthy, JJ., concur.