▪ ANDREJ PRUSAK, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Defendant and Third-Party Plaintiff-Respondent. XAREN CORPORATION, Third-Party Defendant-Respondent. [841 NYS2d 455]—In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Hart, J.), entered April 7, 2006, as granted the motion of the defendant third-party plaintiff, in which the third-party defendant joined, for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Rodriguez v White Plains Pub. Schools,* 35 AD3d 704 [2006]; *Perlongo v Park City 3 & 4 Apts., Inc.,* 31 AD3d 409, 410 [2006]). Here, the defendant third-

party plaintiff satisfied this burden (*see Calo v Bel-Mar Spa, Inc.,* 38 AD3d 488 [2007]; *Nisimov v Ocean Props., LLC,* 10 AD3d 640 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Muniz v New York City Hous. Auth.,* 38 AD3d 628 [2007]). Accordingly, the Supreme Court properly granted the motion for summary judgment dismissing the complaint. Rivera, J.P., Ritter, Florio and Fisher, JJ., concur.