■ JOHN FRAZIER, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [850 NYS2d 552]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated June 14, 2006, which granted those branches of the separate motions of the defendant Harvard Maintenance, Inc., and the defendants City of New York, New York City Department of Parks and Recreation, Sterling Mets, L.P., doing business as New York Mets National League Baseball Club, and Sterling Enterprises, LLC, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly slipped and fell on a ramp at Shea Stadium. After the plaintiff fell, he saw a reddish streak on the ramp and a ketchup-like substance on his shoes. The plaintiff's wife alleged that about an hour before the accident, she saw a messy white condition consisting of a portion of a crushed hotdog bun, ketchup, and mustard on the ramp, as well as a hotdog, a hotdog bun, and two napkins. The plaintiff's wife did not witness the accident, and she alleged that the plaintiff must have slipped on the remnants of the mess that she had seen about an hour before the accident. As a result of the accident, the plaintiff commenced this action against, among others, the City of New York and the New York City Department of Parks and Recreation (hereinafter collectively referred to as the City), Sterling Mets, L.P., doing business as New York Mets National League Baseball Club, and Sterling Enterprises, LLC (hereinaf-

ter collectively referred to as Sterling), which leased the premises from the City, and Harvard Maintenance, which had a cleaning management contract with Sterling at the time of the accident.

The Supreme Court granted that branch of the motion of Harvard Maintenance which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not create the alleged defect or have actual or constructive notice of it. The Supreme Court also granted that branch of the motion of Sterling and the City which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that they had no duty to maintain the area where the accident occurred. On appeal, the plaintiff argues only that Harvard Maintenance, Sterling, and the City failed to submit evidence sufficient to establish, prima facie, that they did not have notice of the alleged defect.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Prusak v New York City Hous. Auth.,* 43 AD3d 1022 [2007]; *Rodriguez v White Plains Pub. Schools,* 35 AD3d 704, 705 [2006]; *Perlongo v Park City 3 & 4 Apts., Inc.,* 31 AD3d 409, 410 [2006]). Here, the City, Sterling, and Harvard Maintenance all submitted evidence to establish, prima facie, that they neither created nor had actual or constructive notice of the alleged defect for a sufficient length of time to discover and remedy it (*see Prusak v New York City Hous. Auth.,* 43 AD3d 1022, 1023 [2007]; *Calo v Bel-Mar Spa, Inc.,* 38 AD3d 488, 488-489 [2007]; *Nisimov v Ocean Props., LLC,* 10 AD3d 640, 640-641 [2004]; *Stancarone v Waldbaums Inc.,* 275 AD2d 771, 772 [2000]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. The plaintiff's contention that the defect which had caused him to fall was the remnant of the mess that his wife had seen an hour before his accident is purely speculative (*see Stancarone v Waldbaums Inc.,* 275 AD2d 771, 773 [2000]). Crane, J.P., Florio, Angiolillo and Carni, JJ., concur.