SUSAN SLOANE, Appellant, v COSTCO WHOLESALE CORPORATION, Respondent. [855 NYS2d 155]—

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Frazier v City of New York,* 47 AD3d 757, 758 [2008]; *see Prusak v New York City Hous. Auth.,* 43 AD3d 1022 [2007]; *Scoppettone v ADJ Holding Corp.,* 41 AD3d 693 [2007]). Here, the defendant sustained this burden by submitting evidence that it did not create the condition which caused the plaintiff's fall, and that no spills or other hazards were found when an employee conducted a walk-through inspection of its store just minutes before the accident occurred. In opposition, the plaintiff failed to raise a triable issue of fact (*see Frazier v City of New York,* 47AD3d 757 [2008]; *Prusak v New York City Hous. Auth.,* 43 AD3d at 1023). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

Furthermore, the court providently exercised its discretion in denying the plaintiff's cross motion to strike the defendant's answer pursuant to CPLR 3126 based upon spoliation of evidence. The plaintiff failed to establish that the defendant intentionally or negligently failed to preserve crucial evidence after being placed on notice that such evidence might be needed for future litigation (*see Denoyelles v Gallagher,* 40 AD3d 1027 [2007]; *Lovell v United Skates of Am., Inc.,* 28 AD3d 721 [2006]; *Iannucci v Rose,* 8 AD3d 437, 438 [2004]; *Andretta v Lenahan,* 303 AD2d 527, 528 [2003]). Mastro, J.P., Covello, Eng and Belen, JJ., concur.