■ JEAN KRAMER et al., Respondents, v SBR & C, Doing Business as VANDERBILT AT SOUTH BEACH, et al., Appellants. [879 NYS2d 158]—

In an action to recover damages for personal injuries, etc., the defendants appeal (1) from an amended order of the Supreme Court, Richmond County (Maltese, J.), dated March 11, 2008, which denied their motion for summary judgment dismissing the complaint, and (2), as limited by their brief, from so much of an order of the same court dated May 19, 2008, as, upon reargument, vacated an order of the same court dated February 29, 2008, granting their motion for summary judgment dismissing the complaint, and, in effect, adhered to the determination in the amended order denying their motion for summary judgment dismissing the complaint.

Ordered that the appeal from the amended order dated March 11, 2008 is dismissed, as that order was superseded by the order dated May 19, 2008, made upon reargument; and it is further,

Ordered that the order dated May 19, 2008 is reversed insofar as appealed from, on the law, upon reargument, the amended order dated March 11, 2008 is vacated, and the order dated February 29, 2008, granting the defendants' motion for summary judgment dismissing the complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the defendants.

On December 2, 2005 the plaintiff Jean Kramer (hereinafter the injured plaintiff) attended a retirement party at a catering hall owned and operated by the defendants. During the cocktail hour, a table containing food, including strawberries, was stationed on the dance floor. When the cocktail hour ended, an employee of the defendants moved the table off the dance floor and to the side of the room. At least 45 minutes later, while dancing with her granddaughter, the injured plaintiff felt her foot "stick," and she fell. Immediately after her fall, she noticed several "[f]resh but squished" strawberries on the floor; one was on her shoe. The injured plaintiff and her husband, suing derivatively, thereafter commenced this action against the defendants, claiming, in effect, that the strawberries on the floor—rather than the mere placement of the food table—was a dangerous condition caused by the defendants. After discovery was completed, the defendants moved for summary judgment dismissing the complaint on the ground that the evidence established, prima facie, that they did not cause the alleged dangerous condition and did not have actual or constructive notice of it. The Supreme Court initially granted the motion, thereafter denied the motion in an amended order, and, upon reargument, adhered to its determination in the amended order. We reverse the order made upon reargument insofar as appealed from.

The governing principles here are familiar. In general, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of establishing, prima facie, that it neither created the hazardous condition nor had actual or constructive notice of its existence (*see Sloane v Costco Wholesale Corp.*, 49 AD3d 522, 523 [2008]; *Calo v Bel-Mar Spa, Inc.*, 38 AD3d 488 [2007]; *Marshall v Jeffrey Mgt. Corp.*, 35 AD3d 399, 400 [2006]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409 [2004]). To provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Rivera v 2160 Realty Co., L.L.C.*, 4 NY3d 837, 838 [2005]).

Under the circumstances of this case, the defendants' submissions, consisting principally of the deposition testimony of the injured plaintiff and her husband, were sufficient to establish, prima facie, that the defendants did not create the alleged dangerous condition and did not have notice, actual or constructive, of its existence. The plaintiffs' theory was that the strawberries which allegedly caused the accident fell to the dance floor from the food table and remained there for at least the 45-minute period between the time the defendants' employee removed the table and the time the injured plaintiff fell. However, the deposition testimony submitted by the defendants in support of their motion established that the injured plaintiff did not see any strawberries on the floor prior to her fall, that her husband, who had taken food from the table and had later watched the employee remove the table from the dance floor, did not see any strawberries on the floor prior to the accident and did not see any food fall from the table as it was being removed, and that neither the injured plaintiff nor her husband was aware of anyone else at the party who saw any strawberries fall from the food table, or ever saw or complained of strawberries on the floor prior to the accident (*see West v DeJesus*, 306 AD2d 402, 403 [2003]; *Calo v Bel-Mar Spa, Inc.*, 38 AD3d at 488-489; *cf. Bruk v Razag, Inc.*, 60 AD3d 715 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see West v DeJesus*, 306 AD2d at 403).

In light of the foregoing, we need not reach the defendants' remaining contention. Skelos, J.P., Fisher, Miller and Eng, JJ., concur.