■ MARILYN STEISEL et al., Appellants, v GOLDEN REEF DINER et al., Respondents. [888 NYS2d 150]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated June 18, 2008, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Marilyn Steisel (hereinafter the plaintiff) allegedly was injured when she slipped and fell on a greasy substance on the floor of the defendant Golden Reef Diner. After issue was joined, the defendants moved for summary judgment dismissing the complaint on the ground that they did not create or have actual or constructive notice of the alleged hazardous condition.

Contrary to the plaintiffs' contention, the defendants' motion for summary judgment dismissing the complaint was timely (*see Rivera v Glen Oaks Vil. Owners, Inc.*, 29 AD3d 560, 561 [2006]). A motion is made when a notice of motion is served (*see* CPLR 2211). The plaintiffs concede that the deadline for making the motion in this case was February 26, 2008, and the defendants established that the motion was made on February 25, 2008,

when it was served by mail on the attorneys for the plaintiffs (*see Rivera v Glen Oaks Vil. Owners, Inc.*, 29 AD3d at 561).

"To establish a prima facie case of negligence, a plaintiff in a slip-and-fall case must demonstrate that the defendants either created the condition which caused the accident, or had actual or constructive notice of the condition" (*Pomerantz v Culinary Inst. of Am.*, 2 AD3d 821, 821 [2003] [internal quotation marks omitted]). The defendants established their prima facie entitlement to judgment as a matter of law by submitting the deposition testimony of the plaintiff and her husband, which indicated that each of them had walked through the general area where the accident occurred, without incident, only minutes prior to the occurrence, and that neither of them noticed or felt any substance on the floor at that time. The plaintiff's testimony that, after the accident, she observed a greasy substance on the floor, which was "dirty and smudgy" and contained food particles, was insufficient to raise a triable issue of fact with respect to notice (*see Cuddy v Waldbaum, Inc.*, 230 AD2d 703, 704 [1996]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur. [*See* 2008 NY Slip Op 31837(U).]