■ CHRISTINA HARTLEY, Respondent, v WALDBAUM, INC., et al., Appellants. [893 NYS2d 272]—

The plaintiff allegedly sustained injuries when she slipped and fell in a Waldbaum's supermarket. As the plaintiff entered the supermarket, she turned right, walked approximately 10 feet, and slipped and fell on a puddle of water, near a shrimp display.

The defendants moved for summary judgment dismissing the complaint on the ground that they neither created the alleged dangerous condition nor had actual or constructive notice of it. The plaintiff contended that the water came from a display containing trays of shrimp on top of crushed ice. However, the plaintiff failed to proffer any evidence that would tend to show that the water in the display was not draining properly or was leaking onto the floor.

To prove a prima facie case of negligence in a slip-and-fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition (*see Joseph v New York City Tr. Auth.*, 66 AD3d 842 [2009]; *Teplin v Bonwit Inn*, 64 AD3d 642 [2009]; *Kershner v Pathmark Stores*, 280 AD2d 583 [2001]; *Goldman v Waldbaum, Inc.*, 248 AD2d 436, 437 [1998]). To constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Kramer v SBR & C*, 62 AD3d 667, 669 [2009]; *Stone v Long Is. Jewish Med. Ctr.*, 302 AD2d 376 [2003]). Since the defendants demonstrated prima facie that they did not have actual or constructive notice of the water, and the plaintiff's claim that the defendants created the condition was mere speculation, the defendants established their prima facie entitlement to judgment as a matter of law (*see Perez v Walgreen Co.*, 56 AD3d 634, 635 [2008]; *Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409, 411 [2006]; *Hagan v P.C. Richards & Sons, Inc.*, 28 AD3d 422, 423 [2006]; *Gatanas v Picnic Garden B.B.Q. Buffet House*, 305 AD2d 457 [2003]; *Dane v Taco Bell Corp.*, 297 AD2d 274 [2002]; *Goldman v Waldbaum, Inc.*, 248 AD2d at 437).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the puddle of water came from the nearby shrimp display or whether the defendants had constructive notice of the puddle (*see Addolorato v Waldbaums*, 57 AD3d 592 [2008]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the

complaint (*id.* at 592; *Dwoskin v Burger King Corp.*, 249 AD2d 358 [1998]). Rivera, J.P., Dillon, Belen and Roman, JJ., concur.