■ JOAN CUSACK, Respondent, v PETER LUGER, INC., et al., Appellants. [909 NYS2d 532]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Minardo, J.), dated August 24, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly slipped and fell on a greasy substance on the floor of the defendants' restaurant. The plaintiff did not see the alleged greasy substance either before or after the accident. Her three dinner companions, who came to the area of the accident immediately after she fell, stated that they did not see the alleged greasy condition. When they got down on their hands and knees to assist the plaintiff, however, they felt a greasy substance on their hands and their clothing became stained with grease. The plaintiff and her companions did not know how the alleged greasy substance came to be on the floor or how long it had been there.

In support of their motion for summary judgment dismissing the complaint, the defendants submitted the deposition

testimony of a night manager of the restaurant who was on duty at the time of the accident. He testified that pursuant to the restaurant's policy, the restaurant was "continually inspected . . . all night, all of the time" to reveal any conditions that might be a danger to any customer. He also submitted an affidavit stating that he was in the area of the accident approximately 5 to 10 minutes before the accident, and did not notice any "hazardous, dangerous, or slippery" condition on the floor. In addition, he stated in his affidavit that none of the defendants' staff had been told prior to the accident of any dangerous or slippery conditions in the area of the accident, and that he would have been told if there been any such complaints. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We reverse.

To impose liability upon a defendant in a slip-and-fall action, there must be evidence that the defendant either created the condition which caused the accident, or had actual or constructive notice of the condition (see Steisel v Golden Reef Diner, 67 AD3d 670, 671 [2009]; DeLeon v Westhab, Inc., 60 AD3d 888 [2009]; Sloane v Costco Wholesale Corp., 49 AD3d 522, 523 [2008]). A defendant has constructive notice of a defect when the defect is visible and apparent, and existed for a sufficient length of time before the accident that it could have been discovered and corrected (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]). Applying these principles here, we find that the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that they did not create or have actual or constructive notice of the alleged hazardous condition which caused the plaintiff to fall (see Steisel v Golden Reef Diner, 67 AD3d at 671; Pomerantz v Culinary Inst. of Am., 2 AD3d 821 [2003]; Gloria v MGM Emerald Enters., 298 AD2d 355 [2002]; Dwoskin v Burger King Corp., 249 AD2d 358 [1998]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (see Hartley v Waldbaum, Inc., 69 AD3d 902, 903 [2010]). The plaintiff's contention that the defendants' employee created the alleged hazardous condition by dropping some greasy substance on the floor was speculative (see Hagan v P.C. Richards & Sons, Inc., 28 AD3d 422, 423 [2006]; Gatanas v Picnic Garden B.B.Q. Buffet House, 305 AD2d 457 [2003]; Sanchez-Acevedo v Mariott Health Care Serv., 270 AD2d 244 [2000]). Additionally, evidence failed to show that the defendants had actual notice of a recurrent hazardous condition at the accident location (see Gloria v MGM Emerald Enters., 298 AD2d at 356).

Accordingly, the Supreme Court should have granted the de-

fendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Florio, Balkin and Roman, JJ., concur.