— In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Alfieri, J.), dated August 10, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
“A defendant who moves for summary judgment in a slip- and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it” (Sloane v Costco Wholesale Corp., 49 AD3d 522, 523 [2008] [internal quotation marks omitted]; see Kramer v SBR & C, 62 AD3d 667, 669 [2009]). A defendant has constructive notice of a defect when the defect is visible and apparent, and existed for a sufficient length of time before the accident that it could have been discovered and corrected (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that they neither created the condition that allegedly caused the plaintiffs accident, nor had actual or constructive notice of the *474 condition (see Pollina v Oakland’s Rest., Inc., 95 AD3d 1190 [2012]; Cusack v Peter Luger, Inc., 77 AD3d 785, 786 [2010]; Steisel v Golden Reef Diner, 67 AD3d 670, 671 [2009]; DeLeon v Westhab, Inc., 60 AD3d 888 [2009]; Malenda v Great Atl. & Pac. Tea Co., Inc., 50 AD3d 972, 972-973 [2008]; Sloane v Costco Wholesale Corp., 49 AD3d at 523; Pomerantz v Culinary Inst. of Am., 2 AD3d 821 [2003]; Gloria v MGM Emerald Enters., 298 AD2d 355 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (see Cusack v Peter Luger, Inc., 77 AD3d at 786; Hartley v Waldbaum, Inc., 69 AD3d 902, 903 [2010]). Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Rivera, J.P., Eng, Lott and Miller, JJ., concur.