■ Flor Lopez, Appellant, v Marshalls, Respondent. [999 NYS2d 866]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Siegal, J.), dated November 25, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly sustained personal injuries when she slipped and fell on "keters," round size-tags placed around clothing hangers, which were on the floor of the defendant's premises. As a result, the plaintiff commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that it did not create the alleged hazardous condition or have actual or constructive notice of it. The Supreme Court granted the motion.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the allegedly hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Warren v Walmart Stores, Inc., 105 AD3d 732, 733 [2013]; Stroppel v Wal-Mart Stores, Inc., 53 AD3d 651, 652-653 [2008]; Borenkoff v Old Navy, 37 AD3d 749, 750 [2007]). "To meet its initial burden on the issue of . . . constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]; see Levine v Amverserve Assn., Inc., 92 AD3d 728, 729 [2012]).

Here, the defendant failed to submit evidence sufficient to meet its initial burden. The deposition testimony of the store manager and the affidavit of the former assistant store manager merely provided the store's general inspection policy, and failed to demonstrate, prima facie, that the area of the floor at issue was actually inspected or cleaned within a reasonable time prior to the accident (see Mercedes v City of New York, 107 AD3d 767, 768-769 [2013]; Herman v Lifeplex, LLC, 106 AD3d 1050, 1051-1052 [2013]).

Since the defendant failed to establish its prima facie entitle-

ment to judgment as a matter of law, the Supreme Court should have denied its motion without regard to the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.