Cashwell v Stop & Shop Supermarket Co., LLC (2023 NY Slip Op 04358)

Cashwell v Stop & Shop Supermarket Co., LLC

2023 NY Slip Op 04358

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2020-08912
 (Index No. 614567/18)

[*1]Dina Cashwell, et al., appellants,
v
Stop & Shop Supermarket Company, LLC, respondent, et al., defendant.

Law Office of Gregory A. Goodman, P.C. (Law Office of Jason Tenenbaum, P.C., Garden City, NY, of counsel), for appellants.
Torino & Bernstein, P.C., Mineola, NY (Christine M. Capitolo of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated November 9, 2020. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the defendant Stop & Shop Supermarket Company, LLC.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Diana Cashwell (hereinafter the injured plaintiff) allegedly was injured when she slipped and fell in a puddle of liquid while shopping at a Stop & Shop supermarket located in East Northport. The plaintiffs subsequently commenced this action against, among others, Stop & Shop Supermarket Company, LLC (hereinafter the defendant), seeking to recover damages for personal injuries and loss of services. The plaintiffs moved, inter alia, for summary judgment on the issue of liability against the defendant, contending that the defendant created the condition that caused the injured plaintiff to fall. In an order dated November 9, 2020, the Supreme Court, among other things, denied that branch of the motion. The plaintiffs appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (McBride v City of New York, 208 AD3d 578, 579 [internal quotation marks omitted]). A property owner will be held liable for a slip-and-fall accident on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of the condition and a reasonable amount of time to correct it or warn of its existence (see Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d 777, 778-779). Here, the plaintiffs failed to establish, prima facie, that the defendant created the condition that caused her to fall. The plaintiffs' contention that nearby boxes of frozen food had leaked and caused the puddle in which she fell was wholly speculative and, thus, insufficient to establish a prima facie entitlement to judgment as a matter of law (see Jeansimon v Lumsden, 92 AD3d 640, 641; Cusack v Peter Luger, [*2]Inc., 77 AD3d 785, 786; Hagan v P.C. Richards & Sons, Inc., 28 AD3d 422, 423; Acheson v Shepard, 27 AD3d 596, 597).
Since the plaintiffs failed to meet their initial burden as the movant, the burden never shifted to the defendant to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the defendant.
CONNOLLY, J.P., MALTESE, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court