Cuminale v 160-55 Crossbay Blvd., LLC (2024 NY Slip Op 03878)

Cuminale v 160-55 Crossbay Blvd., LLC

2024 NY Slip Op 03878

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-09343
 (Index No. 712321/20)

[*1]Richard Cuminale, respondent, 
v
160-55 Crossbay Boulevard, LLC, appellant.

Cascone & Kluepfel, LLP, Farmingdale, NY (Howard B. Altman and Kyle R. Silverstein of counsel), for appellant.
Cascione, Purcigliotti & Galluzzi, P.C., Eastchester, NY (Thomas G. Cascione of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Phillip Hom, J.), entered October 31, 2022. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that he alleged he sustained when he fell while descending a boat ramp on a property owned by the defendant. In an order entered October 31, 2022, the Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the issue of liability.
"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (Cashwell v Stop & Shop Supermarket Co., LLC, 219 AD3d 795, 795-796, quoting McBride v City of New York, 208 AD3d 578, 579 [internal quotation marks omitted]). "A property owner will be held liable for a slip-and-fall accident on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of the condition and a reasonable amount of time to correct it or warn of its existence" (id. at 796; see Parietti v. Wal-Mart Stores, Inc., 29 NY3d 1136, 1137).
Here, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. The evidence submitted in support of the plaintiff's motion, which included, inter alia, transcripts of the deposition testimony of the plaintiff and of the defendant's principal and a video of the accident, established, prima facie, that the defendant created the dangerous condition and that the defendant's negligence was a proximate cause of the plaintiff's injuries (see Rodriguez v City of New York, 31 NY3d 312, 324-325; Vailes v Molloy Coll., 175 AD3d 1348, 1349). In opposition, the defendant failed to raise a triable issue of fact.
Contrary to the defendant's contention, the Supreme Court was not required to deem admitted the assertions in the defendant's counterstatement of material facts (see On the Water Prods., LLC v Glynos, 211 AD3d 1480, 1481; Leberman v Instantwhip Foods, Inc., 207 AD3d 850, 850-851).
The defendant's remaining contentions either are without merit or have been rendered academic by our determination.
DUFFY, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court