Shannon v Astoria 2101, LLC (2025 NY Slip Op 04118)

Shannon v Astoria 2101, LLC

2025 NY Slip Op 04118

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-00368
 (Index No. 713397/19)

[*1]Isaac Shannon, respondent, 
v
Astoria 2101, LLC, appellant.

Gordon Rees Scully Mansukhani, LLP, Harrison, NY (Donald G. Derrico of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Lumarie Maldonado-Cruz, J.), dated November 27, 2023. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that he allegedly sustained when he tripped and fell on a defective sidewalk abutting the defendant's property. In an order dated November 27, 2023, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability. The defendant appeals.
"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (Cashwell v Stop & Shop Supermarket Co., LLC, 219 AD3d 795, 795-796, quoting McBride v City of New York, 208 AD3d 578, 579). With an exception not applicable here, Administrative Code of the City of New York § 7-210(a) imposes a duty upon "the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition" (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517). "[T]o prevail on a motion for summary judgment, a plaintiff must demonstrate, prima facie, that the property owner created the defect or had actual or constructive notice of the defect" (Shiu Ya Luo v Croyden Apts., Inc., 219 AD3d 1364, 1365 [internal quotation marks omitted]).
Here, in support of his motion, the plaintiff submitted, inter alia, a transcript of his deposition testimony, photographs of the accident site, and an affidavit of his expert, which demonstrated, prima facie, that the defendant had constructive notice of the defective condition of the sidewalk abutting its property and violated its duty to maintain the abutting sidewalk in a reasonably safe condition, and that the defendant's negligence was a proximate cause of the subject accident and the plaintiff's resulting injuries (see Administrative Code §§ 7-210, 19-152[a][4]; Shiu Ya Luo v Croyden Apts., Inc., 219 AD3d at 1366; Vailes v Molloy Coll., 175 AD3d 1348, 1349). In opposition, the defendant failed to raise a triable issue of fact. Issues of fact as to whether the plaintiff was comparatively at fault do not preclude summary judgment in favor of the plaintiff on the issue of the defendant's liability (see generally Rodriguez v City of New York, 31 NY3d 312; Cumbal v 83-09 35th Realty, LLC, 223 AD3d 869, 870).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability.
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court